Filed 6/23/21  P. v. Sanford CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC YLMO SANFORD,<br><br>    Defendant and Appellant. | B305362<br><br>(Los Angeles County<br>Super. Ct. No. TA087610) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Reversed and remanded with direction.

Emry J. Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Eric Sanford was convicted, after jury trial, of two counts of felony-murder. Another panel of this court affirmed his conviction. (*People v. Perez and Sanford* (May 7, 2010, B211015) [nonpub. opn.].) Nearly a decade later, he filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court summarily denied the petition, concluding that the facts set out in the appellate opinion established defendant had been a major participant in the crime and acted with reckless indifference to human life. Defendant appeals, arguing that he is entitled to the issuance of an order to show cause. Respondent agrees that the trial court erred, but posits that the appropriate remedy is the appointment of counsel and briefing on the issue of defendant's entitlement to relief. We agree with the Attorney General.

### FACTUAL AND PROCEDURAL BACKGROUND

Defendant's murder convictions arose from an attempted robbery at a gas station mini-mart, in which two clerks were shot and killed.[2] Defendant and Adam Loza had entered the mini-mart to steal some beer; Julio Perez remained outside, keeping the engine running in the getaway vehicle.

Defendant, Loza and Perez were charged, by amended information, with two counts of murder (§ 187), with felony-murder and multiple murder special circumstances (§ 190.2, subds. (a)(3) & (a)(17)), and two counts of attempted robbery

---

[1] All undesignated statutory references are to the Penal Code.

[2] Our discussion of the underlying facts is taken from the appellate opinion affirming defendant's conviction. On defendant's motion, we have taken judicial notice of the opinion.

(§§ 664/211). The charges reflected that the prosecution apparently believed defendant was the actual killer. Multiple personal use firearm enhancements were alleged against defendant alone (§ 12022.53, subds. (b)-(d)). As to all three defendants, it was alleged that a principal was armed with a firearm (§ 12022, subd. (a)(1)).

Defendant and Perez, the getaway driver, were tried together. Loza appears to have been tried separately.[3] Defendant and Perez were convicted of both murders and both attempted robberies. However, the jury found all of the personal use firearm enhancements not true, finding true only that a principal was armed. The jury also found the multiple murder special circumstance not true, and was unable to reach a verdict on the felony-murder special circumstance, which was dismissed at sentencing. Defendant was sentenced to 50 years to life in prison.

On January 2, 2019, defendant, representing himself, filed a petition for resentencing under section 1170.95, alleging he had been convicted of murder on a felony-murder theory, but that he was not the actual killer, an aider and abettor with the intent to kill, or a major participant who acted with reckless indifference to human life. He requested the appointment of counsel.

The prosecution filed an opposition, largely arguing that section 1170.95 was unconstitutional, but also contending, with no factual support or argument, that defendant "intended to kill

---

[3] Defendant attached to his section 1170.95 petition a copy of the transcript of his sentencing hearing. At that hearing the prosecutor represented that the felony-murder special circumstance was found true as to Loza. The appellate opinion in defendant's case indicates that Loza was sentenced to life in prison without the possibility of parole.

3

or was a major participant and acted with reckless indifference to human life."

Without appointing counsel for defendant or holding a hearing, the trial court denied defendant's petition. Based on the trial court's review of the facts stated in the appellate opinion, the trial court concluded defendant was a major participant who acted with reckless indifference to human life, and that he therefore did "not qualify for resentencing."

Defendant filed a timely notice of appeal.

## *DISCUSSION*

On appeal, defendant contends, the prosecution concedes, and we agree that the trial court erred in summarily denying his petition for relief. Given the jury's findings, the trial court could not conclude that defendant was ineligible for relief as a matter of law.

The only dispute on appeal is the procedure when the case returns to the trial court – whether to remand for the appointment of counsel and briefing, or an order to show cause and a hearing at which the prosecution has the burden to establish defendant's ineligibility for relief beyond a reasonable doubt. The statute provides that the court is to issue an order to show cause and hold a hearing only after it receives and reviews the parties' briefing. (§ 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493.)[4]

---

[4] To the extent defendant relies on *People v. Cooper* (2020) 54 Cal.App.5th 106, 112, review granted Nov. 10, 2020, S264684, to support a different procedure, we disagree. (See *People v. DeHuff* (2021) 63 Cal.App.5th 428, ___ [277 Cal.Rptr.3d 710, 714], fn. omitted.)

4

Defendant has not been appointed counsel and whether defendant is eligible for resentencing has not been briefed.  We therefore remand for the appointment of counsel and briefing on whether the court should issue an OSC.[5]

### *DISPOSITION*

The order denying defendant's petition for resentencing under section 1170.95 is reversed.  The matter is remanded for the court to appoint counsel and permit briefing under section 1170.95, subdivision (c).


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.

---

[5]     As we remand for appointment of counsel, it is unnecessary to address whether the denial of his petition without the appointment of counsel was unconstitutional.

5